# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Willie Johnson, | Case No. 9:23-cv-02864-RMG |
| Petitioner, | |
| v. | |
| Warden Kenneth Nelson, | **ORDER AND OPINION** |
| Respondent. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 5) recommending that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) be dismissed. Petitioner filed objections to the R & R. (Dkt. No. 11). For the reasons set forth below, the Court adopts the R & R and dismisses the petition without prejudice.

## I. Background

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1985 conviction for murder. This is Petitioner's seventh § 2254 petition.

The Magistrate Judge found that because Petitioner has filed several habeas petitions prior to the petition currently before the Court, the Court must dismiss the current petition as successive, and Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2244(b). Having reviewed the entire record, including Petitioner's Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.

## II. Standard

### A. Review of Report and Recommendation

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*,

1

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection ... we do not believe that it requires any explanation.").

**B. Review of Petition for a Writ of Habeas Corpus**

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A habeas petition is "successive" if a previously filed habeas petition was "adjudicated on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). In order to file a "successive" petition, the petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit.[1] *See, e.g.*, 28 U.S.C. § 2254(b)(3)(A) (mandating that "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); Rule 9 of Rules Governing § 2254 ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition ..."); *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005) (noting that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). If the petitioner of a successive petition did not first obtain the necessary authorization, the District Court lacks jurisdiction to consider the merits of the petition

2

and, as a result, must dismiss. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Smart v. Warden, Kershaw Corr. Inst.*, No. 2:13-cv-2449-GRA, 2013 WL 6054475, at *3 (D.S.C. Nov. 15, 2013) (dismissing unauthorized successive petition for lack of jurisdiction).

**III.    Discussion**

The Magistrate Judge found, and Petitioner does not dispute, that Petitioner has sought habeas relief several times prior to this current petition. As such, the court agrees with the R & R's conclusion that Petitioner's current habeas petition must be dismissed as successive pursuant to 28 U.S.C. § 2244(b)(3)(A). As noted by the Magistrate Judge, leave from the United States Court of Appeals for the Fourth Circuit is required under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filers of successive § 2254 habeas petitions. Therefore, as correctly instructed by the Magistrate, before Petitioner can file another habeas petition in the United States District Court, he must seek and obtain leave (i.e ., written permission) from the Fourth Circuit. 28 U.S.C. § 2244(b) (3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Petitioner has timely filed objections to the R & R. Petitioner argues that his petition is not successive and that the court must consider the merits of his claims. Petitioner claims that the AEDPA does not apply to his petition because his conviction occurred in 1984 before the enactment of the AEDPA and § 2244. The AEDPA, however, applies to any petitions filed after the enactment of the Act. *Richardson v. U.S.*, Nos. 6:97CV113, 1997 WL 163456 at *1 (M.D.N.C. March 18, 1997) ("The statute was signed into law on April 24, 1996 by the President. The instant motion was filed after that date and therefore, the successive petition procedural provision of the AEDPA apply to it."). Petitioner also generally claims that by dismissing his habeas petition, the

3

Court is denying him access to the courts. Lastly, Petitioner makes multiple arguments as to the underlying merits of his habeas claim.

The Court finds Petitioner's objections to be without merit. It is undisputed that Petitioner has filed multiple habeas petitions prior to the petition at issue in this case. As such, the Court cannot consider a second or successive habeas petition unless Petitioner first obtains a permission from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 224(b)(3)(A). Until Petitioner obtains permission from the Fourth Circuit, this court is unable to address the underlying merits of his claim.

### IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## V. Conclusion

For the reasons above, the Court **DISMISSES** Petitioner's habeas petition (Dkt. No. 1). without prejudice and without requiring the Respondent to file a return.

        s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 5, 2023
Charleston, South Carolina